**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 08-60997-CIV-COOKE/BANDSTRA**

DR. SYROUS KERMANJ,

     *Plaintiff*,

v.

JEFFREY GOLDSTEIN, *et al*.,

     *Defendants*.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before me on Plaintiff Syrous Kermanj's Motions for Reconsideration [D.E.

33, 34 & 35] of the Court's Order Dismissing Complaint [D.E. 31], filed on March 6, 2009.  Mr.

Kermanj's motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b).  Rule

60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with
> reasonably diligence, could not have been discovered in time to move for new trial
> under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)
> the judgment has been satisfied, released or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

To prevail on a motion for reconsideration, a party generally must present at least one of "three major

grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation

omitted).  A motion for reconsideration should not be used to reiterate arguments previously made.

"It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through– rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted).

Mr. Kermanj asserts that I acted injudiciously in dismissing his complaint.  Mr. Kermanj, however, has not set forth any grounds justifying reconsideration.  Instead, he simply realleges facts that are contained in his complaint.  Accordingly, his motions for reconsideration [D.E. 33, 34 &35] are denied.

**DONE AND ORDERED** in Miami, Florida, this 7th day of August 2009.

MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*

Syrous Kermanj, *pro se*
P.O. Box 2400
Thibodaux, LA 70310